UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-CV-20421
Cooke/Turnoff

GRACIELA ROIG and
GENERAL COMPUTER SERVICES, INC.,

      Plaintiffs,

vs.

STAR LOFTS ON THE BAY CONDOMINIUM
ASSOCIATION, INC., DEVELOPMENT
CONSULTANTS INC. d/b/a ASSOCIATION
SERVICES OF FLORIDA, CURTIS SHAMIS,
DAVID HIRSCHFELD, and LUIS GOMEZ,

      Defendants.
_____/

## MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, Star Lofts on the Bay Condominium Association, Inc. Development Consultants, Inc. d/b/a Association Services of Florida, Curtis Shamis, David Hirschfeld, and Luis Gomez, by and through their undersigned counsel, moves this court to dismiss the complaint filed against them pursuant to Rule 4(m) and Rule 12(b) for failure to timely serve process on the Defendants, failure of General Computer Services, Inc. to be represented by counsel, and for failure to state a cause of action upon which relief can be granted or to support the Court's jurisdiction.  As the Defendants have not been served, Defendants do not waive any objections to jurisdiction, procedure, or service of process.

General Computer Services, Inc. v Star Lofts on the Bay Condominium Association, Inc. et. al.
Case No: 11-CV-2042
Page 2 of 4

## MEMORANDUM OF LAW
### Procedural Background

Plaintiffs, Graciella Riog, individually and on behalf of General Computer Services, Inc., filed a handwritten complaint on October 18, 2010. On February 16, 2011, Plaintiffs filed an amended typed complaint. The Amended Complaint purports to be for breach of contract and mentions alleged criminal violations of Federal Copyright laws for the use of the Plaintiffs' software. As of April 18, 2011, a review of the docket shows that no summons have been issued. As set forth below, the Complaint should be dismissed.

### Failure to Timely Serve Process

First, the Complaint should be dismissed for Plaintiff's failure to timely serve the Defendants. Plaintiff was required to serve the Defendants with process within 120 days of initiating this action. Rule 4(m), Fed. R. Civ. P. Plaintiff failed to timely serve any of the named defendants. The complaint was filed well over 120 days ago. Thus the action should be dismissed without prejudice. *Id.*.

### Failure to be Represented by Counsel

The Complaint should be dismissed because the Plaintiff, General Computer Services, Inc., is not represented by counsel. A corporation must be represented by counsel in federal court. *Souffrant v. Denhil Oil, LLC*, 2010 WL 1541192 (S. D. Fla. 2010) (citing *Stockwire Research Group, Inc. v. Lebed*, 577 F.Supp.2d 1262 (S. D. Fla. 2008)).

A review of the complaint shows that it was signed by Graciela Roig, MS. A review of the Florida Bar Directory showed that Ms. Roig is not an attorney licensed to practice law in the state of Florida. Plaintiff is aware of the requirement that her company be represented by counsel as she has previously filed actions on behalf of her corporation in Miami-Dade County Circuit Court in case number 09-3962CC21 wherein she was required to obtain counsel to

Case 1:11-cv-20421-MGC   Document 10   Entered on FLSD Docket 04/18/2011   Page 3 of 4

General Computer Services, Inc. v Star Lofts on the Bay Condominium Association, Inc. et. al.
Case No: 11-CV-2042
Page 3 of 4

represent the corporation after the same defendant, Star Lofts on the Bay Condominium Association, Inc. filed a very similar Motion to Strike and Dismiss Complaint.

### Failure to State a Cause of Action and Basis for Subject Matter Jurisdiction

Third, the Complaint should be dismissed for failure to state a cause of action. Form 19 Fed. R. Civ. P. provides a form complaint for Copyright Infringement. Plaintiffs have failed to allege ownership of the copyright sued upon. Plaintiff failed to allege they applied to the copyright office and received a certificate of registration.

Moreover, other than the reference to Copyright laws, there is no allegation that would support this Court's subject matter jurisdiction. The Complaint fails to state a cause of action for Copyright Infringement.

### Claim for Attorneys' Fees

28 U.S.C.A. § 1927 provides that attorneys' fees and costs can be awarded for vexatious litigation. Plaintiff's pro se filing of this complaint on behalf of her corporation is an example of such vexatious litigation. Plaintiff is aware she cannot represent the corporation pro se, yet she pursued litigation on its behalf. Alternatively, the Court has inherent power to award attorneys' fees and costs when a party or his attorney litigates in bad faith or vexatiously. <u>Nasco, Inc. v. Calcasieu Television and Radio, Inc.</u> 894 F.2d 696, 701 (5th Cir. 1990).

### Conclusion

Plaintiffs have failed to timely serve process on the Defendants. Plaintiff, General Computer Services, Inc. cannot proceed without representation of counsel. Plaintiffs failed to state a cause of action upon which relief could be granted and failed to allege a basis for this Court's subject matter jurisdiction. Accordingly, the complaint should be stricken and/or dismissed.

Case 1:11-cv-20421-MGC   Document 10   Entered on FLSD Docket 04/18/2011   Page 4 of 4

General Computer Services, Inc. v Star Lofts on the Bay Condominium Association, Inc. et. al.
Case No: 11-CV-2042
Page 4 of 4

Defendants ask the Court to use its inherent power to award Defendants their attorneys' fees and costs for the vexatious litigation Plaintiff has brought in this matter.

WHEREFORE, Defendants, Star Lofts on the Bay Condominium Association, Inc. Development Consultants, Inc. d/b/a Association Services of Florida, Curtis Shamis, David Hirschfeld, and Luis Gomez's motion should be granted and the complaint should be dismissed and Defendants should be awarded their attorneys' fees and costs in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The foregoing document is being served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF. The following attorneys, who are not authorized to receive such Notices, have been served the foregoing documents by mail.

>By: s/Caroline N. Johnson
>Caroline N. Johnson
>Fla. Bar No. 26274
>caroline@minereyfein.com
>**MINERLEY FEIN, P.A.**
>980 N. Federal Highway, Suite 412
>Boca Raton, FL 33432
>Phone: 561/362-6699
>Fax:    561/447-9884
>*Attorneys for Defendants*