UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLLORIDA

Case No. 11-20421-Civ-COOKE/TURNOFF

GRACIELA ROIG, *et al.*,

    Plaintiffs
vs.

STAR LOFTS ON THE BAY
CONDOMINIUM ASSOCIATION, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me on Defendants' Motion to Dismiss (ECF No. 10) and Plaintiffs' Response in Opposition to Motion to Dismiss (ECF No. 12). I have reviewed the motions, the arguments and the relevant legal authorities. For the reasons explained below, the motion is granted.

### Discussion

*Pro se* Plaintiff Graciella Roig is the president of Plaintiff General Computer Services, Inc. ("GCS"). In or about 2006, GCS contracted with Defendant Star Lofts on the Bay Condominium Association, Inc. (the "Association") to provide telecommunication services and infrastructure for the Association, but not limited to, telephone, internet, television services, access control, security cameras and maintenance. Plaintiffs allege that Defendants failed to pay for the telecommunication services under the terms of the contract and that Defendants unlawfully appropriated Plaintiffs' telecommunications hardware and software. On February 16, 2011, Ms. Roig, individually and on behalf of GCS, filed an amended complaint against Defendants for what appears to be breach of contract, tortious interference with a business

relationship and copyright infringement.[1]  Defendants argue that Plaintiffs' claims must be dismissed because Plaintiffs have failed to timely serve Defendants, GCS is not represented by legal counsel, and that this Court lacks jurisdiction over Plaintiffs' copyright infringement claim.

### A. Service of Process

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with the complaint within 120 days of initiating a cause of action.  Service of process is the procedure used to provide a defendant with legal notice of a pending action.  Where a plaintiff fails to properly serve a defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice, or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Although *pro se* litigants are entitled to have their pleadings liberally construed, such liberal construction does not extend to a *pro se* litigant's failure to comply with federal procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of

---

[1] A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (citations omitted). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted).

evenhanded administration of the law"); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("[l]iberal construction does not mean liberal deadlines").

This action has been pending for more than 120 days. The record indicates that the Association, Luis Gomez and David Hershfield were properly served with the initial complaint. (Pl.'s Resp. in Opposition to Mot. to Dismiss, ECF No. 12, Ex. 3). However, Plaintiffs have failed to effectuate services of the Complaint on Defendants Development Consultants and Curtis Shamis and thus cannot sustain a cause of action against them.

**A Corporation Must Have Legal Counsel**

Defendants argue that the amended complaint should be dismissed because GSC is not represented by legal counsel. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Although Ms. Roig is GSC's president, she does not have the authority to represent the corporation as this rule "applies even where the person seeking to represent the corporation is its president or major stockholder." *Id.* While Ms. Roig may proceed *pro se*, GSC must retain legal counsel if it is to participate in this action.

**Pleading Requirements for Copyright Infringement**

To state a claim for copyright infringement, a plaintiff must plead: (1) ownership of a valid copyright; and (2) the defendant's unauthorized copying of protected elements of the copyrighted material. *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247-48 (11th Cir. 1999) (citing *Feist Publ'ns, Inc. v. rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A plaintiff seeking to assert a copyright under federal law must register the copyright before filing a civil action for

copyright infringement.  17 U.S.C. § 411 (a) [2].  A plaintiff may, however, recover actual damages (as opposed to statutory damages) for pre-registration infringing acts.  17 U.S.C. § 412[3].

Plaintiffs seek to recover statutory damages for Defendants' alleged copyright infringement.  Defendants argue that the amended complaint should be dismissed for failure to state a cause of action because Plaintiffs have "failed to allege ownership of the copyright sued upon," and "failed to alleged they applied to the copyright office and received a certificate of registration."  (Mot. to Dismiss at 3, ECF No. 10).  Indeed, the pleadings fail to allege copyright ownership or registration, and thus fail to state a cause of action for copyright infringement.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.  Plaintiffs' claims against Defendants Development Consultants and Curtis Shams are dismissed without prejudice for lack of service of process.  Fed. R. Civ. P. 4(m).  Plaintiffs' copyright infringement claims are dismissed without prejudice for failure to state a cause of action.  GCS is directed to retain legal counsel if it is to participate in this action.  The Clerk is directed to *administratively* **CLOSE** this case for statistical purposes only.  The case will be reopened upon GCS's record withdrawal as a party plaintiff, or record retention of legal counsel, and the filing of a second amended complaint.  Notwithstanding such an amended pleading, the action against

---

[2] No civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made.

[3] No award of statutory damages or of attorney's fees shall be made for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Defendants Development Consultants and Curtis Shams shall proceed only upon proof of service.

   **DONE and ORDERED** in chambers at Miami, Florida this 12th day of December 2011.

          */s/ Marcia G. Cooke*
          MARCIA G. COOKE
          United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*

Graciela Roig
4179 East 8th Court
Hialeah, FL 33013